UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LUCILLE TURCOTTE LANDRY**  **CIVIL ACTION**

**VERSUS**  **NO. 17-17946**

**SOCIAL SECURITY ADMINISTRATION**  **SECTION "S" (3)**

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disabled widow's benefits ("DWB") under Tittle II of the Social Security Act ("SSA") and supplemental security income ("SSI") under Tile XVI of the SSA. The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### I.     BACKGROUND

Plaintiff filed an application for SSI and DWB on June 20, 2013 and June 21, 2013, respectively, alleging a disability since October 5, 2011. (Adm. Rec. at 267-79). Plaintiff alleged disability due to high blood pressure, paresthesia, a ventral hernia, foot pain, arthritis, spinal stenosis, a mass on her adrenal gland, a porcelain gall bladder, and incontinence. (*Id.* at 305). Plaintiff, born on March 31, 1963, was 48 years old on the date on which she alleged disability and 53 years old at the time of the final administrative decision. (*Id.* at 122). Plaintiff has a high-school education. (*Id.* at 306). Plaintiff has past work experience as a car washer, cleaner, cashier, clerk, and hotel attendant. (*Id.*).

Defendant initially denied plaintiff's applications on July 31, 2013 and November 26,

1

2013. (*Id.* at 206-11, 215-22).   Plaintiff sought an administrative hearing before an ALJ, and ALJ Thomas G. Henderson held that hearing on April 30, 2015. (*Id.* at 71-130). Plaintiff and a vocational expert ("VE"), Kelly Hutchins, testified at the hearing.

On February 15, 2017, the ALJ issued a decision in which he concluded that plaintiff is not disabled. (*Id.* at 18-31). In the decision, the ALJ concluded that plaintiff has the severe impairments of lumbar degenerative disc disease and obesity.   (*Id.* at 21).   The ALJ held that plaintiff does not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations.   (*Id.* at 21).   The ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except that she can only stand for 30 minutes and then stand/walk for 30 minutes at a time during an eight-hour workday. (*Id.* at 22).   He also found that she cannot climb ladders, ropes, or scaffolds, and she can only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. (*Id.*). The ALJ concluded that plaintiff cannot perform any past relevant work but can perform the duties of a storage facility clerk, cashier, and housekeeper.   (*Id.* at 29-30).   The ALJ thus denied plaintiff DWB and SSI. (*Id.* at 31).

Plaintiff asked the Appeals Council ("AC") to review the ALJ's conclusion that she is not disabled, and, on August 10, 2017, the Appeals Council denied plaintiff's request.   (*Id.* at 1-6). Plaintiff then timely filed this civil action.

## II.   STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal

2

standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

**III.     ENTITLEMENT TO BENEFITS UNDER THE ACT**

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but can not, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.  42 U.S.C. § 1382(a)(3)(B).   The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).    The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.   *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of

4

impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## IV. ISSUE ON APPEAL

There is one issue on appeal:

(1) Whether the ALJ properly weighed the opinion of treating physician Rolando Barnes, D.O. when he determined plaintiff's RFC.

**V.     ANALYSIS**

    **1.     Whether the ALJ properly weighed the opinion of treating physician Rolando Barnes, D.O. when he determined plaintiff's RFC.**

Plaintiff maintains that the ALJ erred when he rejected the opinion of her treating physician, Rolando Barnes, D.O. when he determined plaintiff's RFC. Barnes completed a Physical Medical Source Statement form at the request of plaintiff's counsel in July 2014. (Adm. Rec. at 620-24). In the check-the-box form, Barnes opined that plaintiff is severely limited in that she can sit and stand for only 30 minutes, walk for five minutes at a time every ten minutes, lift up to 10 pounds occasionally, and is unable to work an eight hour work-day. (*Id.*). Over a year later, after the initial ALJ hearing, Barnes penned a "To Whom It May Concern" letter on October 5, 2015 in which he confirmed his prior opinion and stated that, despite treatment, plaintiff had not demonstrated improvement. (*Id.* at 689).

While the Court recognizes the great deference that must be accorded the opinion of a treating physician, *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000), the ALJ properly considered Barnes' "To Whom It May Concern" letter and the check-the-box form and correctly discounted them largely given the lack of support from Barnes' treatment notes and inconsistency with the record as a whole. (*Id.* at 28). Despite the extreme limitations that Barnes indicated in his opinions, his examination findings consistently reveal that plaintiff's hypertension and back pain were alleviated by medication and were improving. (*Id.* at 604, 609, 614, 626, 631). When an impairment is controlled by medication it is not disabling. *See James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986). This directly contradicts Barnes' opinion that plaintiff is moderately limited and unable to work a normal eight hour work-day. (*Id.* at 621-22). The supportability of a treating physician's opinion is a proper consideration made by the ALJ. *See* 20 C.F.R. §§ 404.1527(c)(3);

6

416.927(c)(3). Moreover, it is well-established law that an ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995).

Plaintiff waxes semantic concerning "controlled" versus "alleviated" to suggest that although her pain was "alleviated" with medication, it does not mean that her pain was "controlled." [Doc. #14-2 at p. 7]. It is beyond argument, however, that when a plaintiff's pain is alleviated and her examinations are normal, she is not disabled. *See, e,g, Ellis v. Barnhart*, 392 F.3d 988, 995 (8th Cir. 2005) (finding that evidence that medication "alleviated" plaintiff's pain weighed in favor of upholding ALJ's denial of disability); *Gleave v. Barnhart*, 76 Fed. Appx. 142, 144 (9th Cir. 2003) (finding that plaintiff's failure to follow recommendation to take medication to "alleviate" her pain weighed in favor of upholding ALJ). Moreover, the regulations promulgated by the Commissioner make no difference between "controlling" pain and "alleviating" it. *Cookson v. Colvin*, 111 F. Supp. 3d 142, 154 (D.R.I. 2015) (citing 20 C.F.R. § 404.1529(c)(3)(i-vii)) (noting that one factor to consider under the regulations to substantiate subjective complaints of pain is "the type, dosage, effectiveness and side effects of any medication taken to *alleviate* the pain or other symptoms") (emphasis added). This argument amounts to no more than semantics.

There is additional record evidence that does not support Barnes' opinion. For example, consultative examiner Jacob Karr, M.D., examined plaintiff and noted her normal gait and station, normal position sense in her feet, only minimal degenerative changes in her neck, and infrequent pain due to a hernia. (Adm. Rec. at 25, 463-64). Karr also noticed that plaintiff had "[n]ormal pushing, pulling, reaching, crouching, squatting, and stooping," and that she was able to "climb on and off the exam table independently. " (*Id.* at 463). Consultative examiner, Harold T. Coulter,

7

M.D., noted normal range of motion in all extremities, normal muscle tone, normal muscle strength, normal sensory, and normal deep tendon reflexes. (*Id.* at 26, 523-24). Coulter even went so far as to opine that plaintiff has no limitations. (*Id.* at 26, 524). Such normal examination findings are inconsistent with Barnes' disabling opinion and therefore support the ALJ's limited weight that he assigned to Barnes' opinion. (*Id.* at 28); *see also Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995) (holding that good cause for abandoning a treating physician's opinion includes statements that are brief, conclusory, and not supported by medically acceptable clinical laboratory diagnostic techniques, or where it is otherwise unsupported by the evidence); 20 C.F.R. §§ 404.1527(c)(4); 416.927(c)(4). Furthermore, the ALJ, and not the courts, must resolve conflicts in the evidence. *See Martinez*, 64 F.3d at 174.

    The ALJ also considered and gave significant weight to the opinions of state agency medical consultants who opined that plaintiff can perform a restricted range of light work consistent with the opinions of both consultative examiners and Barnes' examination notes. (Adm. Rec. at 28, 145-46, 154-55, 167, 174). State agency medical consultants are highly qualified physicians who are also experts in Social Security disability evaluation. 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). The ALJ properly weighed and compared the opinions of Barnes, Coulter, Karr, and the state agency medical consultants.

    Plaintiff suggests that under *Newton* and the Commissioner's regulations, the ALJ improperly weighed the opinion of Barnes, a treating physician. *See Newton*, 209 F.3d at 448; 20 C.F.R. §§ 404.1527(c); 416.927(c). However, the questionnaire completed by Barnes is inconsistent with his treatment notes and typifies a brief and conclusory opinion that is not entitled to considerable weight. *See Heck v. Colvin*, 674 F. App'x 411, 415 (5th Cir. 2017) (per curiam);

*Leggett*, 67 F.3d at 566. As the Fifth Circuit has held, *Newton* does not apply to check-the-box questionnaires, which typify the "brief and conclusory" statements that an ALJ may disregard under the good cause exceptions to the treating physician rule. *See Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (finding good cause to assign little weight to a treating physician's questionnaire opinion "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examinations. . .") ("[T]he 'questionnaire' format typifies 'brief or conclusory' testimony. . . . [W]e agree with the magistrate judge's conclusion that 'due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examinations, [the treating physician's] opinion is given little weight.'").

Moreover, Barnes' opinion that plaintiff cannot work an eight-hour work day and is thus disabled is not an opinion that is entitled to controlling weight nor is it of any special significance as the determination of disability is for the ALJ, and the ALJ need not consider the opinion under the factors in the regulations. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). For these reasons, the ALJ was not required to conduct an analysis of the factors found in the regulations. *See* 20 C.F.R. §§ 404.1527(c); 416.927(c). Plaintiff's argument is without merit.

Here, the ALJ considered all of the objective and subjective evidence of record. Although plaintiff may not agree with his decision, the final responsibility for the determination of an individual's RFC and the ultimate question of whether an individual is "disabled" under the Act are issues reserved to the Commissioner pursuant to 20 C.F.R. §§ 404.1527(d), 416.927(d).

And while plaintiff cites medical evidence from the record that supports her own medical conclusion and that of Barnes, it is axiomatic that this Court can not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*,

230 F.3d 131, 135 (5th Cir. 2000). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173. The Court finds that there is substantial evidence in the record to support the ALJ's conclusion, and that is all that is necessary for this Court to uphold it.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 5th day of November, 2018.

                                      **DANIEL E. KNOWLES, III**
                                      **UNITED STATES MAGISTRATE JUDGE**